NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOEMAR ANGEL ROBLERO-GUZMAN, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-71078 Agency No. A205-721-491 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Boemar Angel Roblero-Guzman, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

As to asylum and withholding of removal, the agency did not err in finding that Roblero-Guzman's social group of perceived wealthy returnees is not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group). Roblero-Guzman's contention that the IJ had a duty to develop a new particular social group fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's determination that Roblero-

Guzman is ineligible for relief because he failed to establish that he made any open and concrete steps to oppose gangs or cartels, or had a political opinion imputed to him. *Cf. Pirir-Boc v. Holder*, 750 F.3d 1077, 1084-85 (9th Cir. 2014); *see also Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (applicant must establish persecution "on account of" one of the "statutorily protected grounds"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner).

Substantial evidence also supports the agency's determination that Roblero-Guzman otherwise failed to establish the harm he fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

We reject as unsupported by the record Roblero-Guzman's contentions that the BIA failed to address his evidence and arguments.

Thus, Roblero-Guzman's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Roblero-Guzman's contentions as to whether his asylum application was untimely. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (as a general rule courts and agencies are not

required to make findings on issues the decision of which is unnecessary to the results they reach).

Finally, substantial evidence supports the agency's denial of CAT relief because Roblero-Guzman failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**